[No. 17072. Department One. October 21, 1922.]

GEORGE MYERS, *by his Guardian ad Litem Carl Myers,* *Appellant,* v. HARRY S. TUVAL *et al., Respondents.*[1]

AGRICULTURE (7)—LIEN ON CROPS—NOTICE OF LIEN—DESCRIPTION —SUFFICIENCY. A laborer's notice of lien for labor in preparing the ground for crop, filed before the crop was sown, is sufficient without setting out a particular description of the crop sought to be covered by the lien.

SAME (5)—RIGHT TO LIEN—STATUTES—CONSTRUCTION. Rem. Comp. Stat., § 1188, giving a farm laborer a lien for labor upon crops, sown, raised, or threshed during the year in which the work or labor was done, and Id., § 1190, requiring the lien to be filed within forty days after the close of the work, authorizes a lien for labor done in the spring and summer preparing the land for a crop of wheat, which was sown in the fall of that year, although it was not harvested and threshed until the following year.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered October 6, 1921, upon findings in favor of the defendants, in an action to foreclose a lien on crops, tried to the court. Reversed.

*Chas. W. Johnson,* for appellant.

*M. L. Driscoll,* for respondent.

BRIDGES, J.—Suit to foreclose a laborer's lien on crops. The complaint alleged that the work was done at the request of the defendant Tuval, and that the defendant First National Bank of Pasco claims some interest in the crop on which the lien was claimed. After a trial, the court gave a money judgment against the defendant Tuval, refused to establish or foreclose the lien, and dismissed the bank out of the case with costs. Plaintiff has appealed. The record before us includes only the pleadings, the findings and conclu-

[1]Reported in 209 Pac. 1087.

sions of the court and the judgment. The testimony has not been brought up.

The record does not disclose on what ground nor for what reason the trial court refused to establish and foreclose the claim of lien.

Respondent first contends that the judgment must be affirmed because the lien notice is defective in that it does not claim a lien on any specific thing or crop, and that, in any event, it does not describe the crop sought to be liened with such certainty as that it may be identified. Neither the original claim of lien nor a certified copy of it is in the record. The complaint purports to set out the claim of lien in full. Its sufficiency, as thus set out, may be doubted. But the court expressly found ''that on the 21st day of August, 1920, the plaintiff prepared and filed a notice of claim of lien against the crop to be grown upon the lands that he had prepared for crop,'' which lands are particularly described, and that such claim of lien was filed as required by statute. In the absence of the original lien and the testimony concerning it we are bound by the court's finding. The finding is sufficient to show that the lien in form complied with the statute. It is true neither the claim of lien set out in the complaint nor that established by the finding of the court gave any particular description of the crop sought to be covered by the lien. Inasmuch as the appellant only prepared the ground for crop and filed his lien before that crop was sown, as we shall hereinafter show, it would be impossible for him, in his lien notice, to give any more definite description of the crop upon which he claimed a lien than to describe it as the crop to be grown upon certain described land. But this would be a sufficient description. We must, therefore, hold that the lien notice was sufficient.

It is argued that the statute governing liens of this character does not authorize a lien under the facts of this case. The governing statute is §1188, Rem. Comp. Stat., which, in so far as it affects this case, reads as follows:

"Any person who shall do labor upon any farm or land, in tilling the same or in sowing or harvesting or threshing any grain, as laborer, contractor, or otherwise, or laboring upon, or securing or assisting in securing or housing any crop or crops sown, raised, or threshed thereon during the year in which said work or labor was done, such person shall have a lien upon such crops as shall have been raised upon all or any of such land, for such work or labor, . . . ; and the lien created by the provisions of this section shall be a preferred lien, and shall be prior to all other liens."

Section 1190, Rem. Comp. Stat., requires the claim of lien to be filed within forty days after the close of the work.

The facts, as found by the trial court, are that between April 26 and July 28, 1920, the appellant worked on the land in question preparing it for a crop to be sown in the fall of the same year; that such wheat was so sown and was harvested between the 11th and 22d of July, 1921, and was threshed the following month. It will thus be noticed that plaintiff did his work during one calendar year, and the crop for which he prepared the soil was harvested the succeeding calendar year. It is stated in one of the briefs that the trial court refused to establish and foreclose appellant's lien because his work was done during one calendar year and the crop harvested during the following year. Taken generally, it must be conceded that §1188, *supra,* is somewhat difficult of construction. It is an old statute and seems to defy intelligent dissection. However, it seems to be clear enough, as applied to

the plaintiff and facts of this case, because there can be no doubt that the wheat for which appellant prepared the soil was "sown . . . during the year in which said work or labor was done. . . . ." If the statute had given the lien only on a crop "raised or threshed" during the year in which the work was done, more doubt might be raised as to whether the appellant was entitled to a lien. Under the record before us, we are convinced that the appellant is entitled to have his claim of lien established and foreclosed.

The judgment is reversed, and the cause remanded and the court directed to determine the relative rights as between the appellant and respondent bank, and to establish the lien and foreclose it.

PARKER, C. J., TOLMAN, and MITCHELL, JJ., concur.